May 20, 2026

**Via CM/ECF**

Hon. Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  **Consent Motion to Consolidate**
> *Ward v. EssilorLuxottica S.A. et al.,* No. 1:26-cv-01133 (RER/PCG)
> *Smith v. EssilorLuxottica USA Inc. et al.*, No. 1:26-cv-02786 (JAM)

Dear Judge Cross-Goldenberg:

In accordance with Rule IV.A of your Honor's Individual Practices and Rules, Plaintiffs Nathan Ward and Xochilt Smith (collectively, Plaintiffs) request that the above-referenced matters be related and consolidated and that *Ward v. EssilorLuxottica S.A. et al.*, No. 1:26-cv-01133, be designated as the lead case for these consolidated proceedings. Plaintiffs further request that, if the Court consolidates these cases, it also grants leave for filing of a Consolidated Complaint and resets related deadlines based upon the filing thereof, including vacating Defendants' current May 22, 2026, deadline to respond to the complaint in the *Ward* matter.

Defendants EssilorLuxottica S.A., Luxottica of America, Inc., and Essilor of America, Inc. (collectively, "Defendants") consent to Plaintiffs' request for consolidation and resetting of deadlines.[1] Plaintiff Ward initially met and conferred with Defendants' counsel in anticipation of filing an amended complaint to substitute and add class representatives. Defendants agreed to this amendment with the understanding that Plaintiff would request this Court extend Defendants' deadline to respond to the complaint, which is otherwise set for May 22, 2026. In the interim however, on May 8, 2026, *Smith v. EssilorLuxottica USA Inc. et al.*, No. 1:26-cv-02786, was filed in this District and is currently before Magistrate Judge Joseph A. Marutollo. Upon meeting and conferring with Counsel for Defendants and Counsel in the *Smith* matter, the parties agreed that consolidation, the filing of a Consolidated Complaint, and the resetting of responsive deadlines based on that complaint would be most efficient.

Both above-referenced class action complaints have been filed in the U.S. District Court for the Eastern District of New York against Defendants. And both cases arise from the same transactions or events: Defendants' alleged pass-through pricing based on federal tariffs that have now been found to be illegal and subsequent failure to refund consumers, despite Defendants' entitlement to recoup their own costs from those illegal tariffs in the International Trade Court.

---

[1] EssilorLuxottica USA Inc. is an additional named Defendant in the *Smith* matter and similarly consents to Plaintiffs' consolidation request.

This Court has discretion to consolidate any action involving common questions of law or fact. Fed. R. Civ. P. 42(a); *see also Rauch v. Vale S.A.*, 378 F. Supp. 198, 204–05 (E.D.N.Y. 2019) (noting consolidation is appropriate where "the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation"). The two cases to be consolidated arise from the same questions of law and fact because they arise from the same event and pattern of practice, involving Defendants' decision to impose and retain tariff surcharges, and they assert similar theories of Plaintiffs' and putative Class Members' entitlement to relief.

In these cases, "considerations of judicial economy favor[s] consolidation" and there is little risk of "prejudice or possible confusion" from consolidation of these cases. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990). Consolidation is appropriate because there is no risk of confusion if the cases are consolidated; the claims and allegations are similar; non-consolidation risks an inconsistent adjudication on the same legal issues; and it would be a burden to the parties and witnesses to conduct duplicative discovery and trial. Consolidation of the cases before this Court would also promote judicial economy. And the lack of risk of prejudice is apparent as Defendants consent to Plaintiffs' consolidation request. *See Olsen v. N.Y. Comm. Bancorp, Inc.*, 233 F.R.D. 101, 104 (E.D.N.Y. 2005) ("[I]t is apparent that no party will suffer prejudice from consolidation, a fact confirmed by the complete absence of any opposition thereto.").

Should the Court agree that consolidation is appropriate, Plaintiffs respectfully request that this Court grant leave and set a schedule for filing of a Consolidated Complaint and responses thereto. In so doing, Plaintiffs request that the Court vacate and reset Defendants' deadline for responding to the Complaint in the *Ward* matter, which is otherwise set for May 22, 2026. The Court has previously granted one request to extend Defendants' deadline for a response, submitted by Defendants on March 18, 2026.

For these reasons, Plaintiffs respectfully request (1) to consolidate *Ward v. EssilorLuxottica S.A. et al.*, No. 1:26-cv-01133 and *Smith v. EssilorLuxottica USA Inc. et al.*, No. 1:26-cv-02786, (2) that *Ward v. EssilorLuxottica S.A. et al.*, No. 1:26-cv-01133, be designated as the lead case for these consolidated proceedings, and (3) the Court grant leave for filing of a Consolidated Complaint and reset related deadlines based upon the filing thereof.

Respectfully Submitted,

*/s/ Charles R. Toomajian III*

Charles R. Toomajian III
Counsel for Plaintiff Nathan Ward

*/s/ Bradley K. King*

Bradley K. King
Counsel for Plaintiff Xochilt Smith

cc: Counsel of Record (via ECF/email)