July 29, 2026

<u>**Via CM/ECF**</u>

Hon. Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   **Re:**  *Ward v. EssilorLuxottica S.A. et al.*, **No. 1:26-cv-01133-RER-PCG (E.D.N.Y.)**

Dear Judge Cross-Goldenberg:

Pursuant to your Honor's Individual Practice and Rules at § II.C.3, the Parties submit this joint letter regarding deadlines in the proposed Discovery Plan and Scheduling Order.

The deadlines in the Parties' proposed case schedules diverge for two reasons. First, Defendants intend to seek a stay of discovery pending a ruling on their anticipated motion to dismiss; Plaintiffs oppose such a stay. The Parties will provide their positions as to that issue through the letter motion procedure.

Second, the Parties dispute whether class and merits discovery should be bifurcated. The Parties' respective positions are set forth below.

**Plaintiffs' position:** Class and merits discovery should not be bifurcated. "In the Second Circuit, 'bifurcation is the exception, not the rule.'" *Melville v. HOP Energy, LLC*, No. 21-cv-10406 (KMK), 2023 WL 4054945, at *2 (S.D.N.Y. May 11, 2023) (collecting Second Circuit authority and quoting *Cunningham v. Big Think Capital Inc.*, 21-cv-2162 (DRH) (JMW), 2021 WL 4407749, at *3 (E.D.N.Y. Sept. 27, 2021)). This case presents no reason to depart from the general rule.

While issues of class certification and merits have always been intertwined to some degree, they have been inextricable since *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). *See Chow v. SentosaCare, LLC*, No. 19-cv-3541-FB-SJB, 2020 WL 559704, at *2 (E.D.N.Y. Jan. 23, 2020) (explaining the standard for bifurcation is governed "by Rule 23 and, more importantly, the Supreme Court's pronouncement in [*Dukes*] that the 'rigorous analysis' necessary for certifying a class 'will entail some overlap with the merits of the plaintiff's underlying claim … [and] generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 298 (S.D.N.Y. 2012) ("*Dukes* illustrates the need to develop the record fully before a class motion is considered.").

Even before *Dukes*, "courts in this and other circuits have recognized that where discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes." *Hines v. Overstock.com, Inc.*, No. 09-cv-991 (SJ),

July 29, 2026
Page 2

2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010). Post-*Dukes*, attempts to delineate between enmeshed class and merits issues are even more certain to create additional discovery disputes and motion practice.

Defendants' position below only reinforces the need to conduct merits and class discovery in unison. Defendants first assert that one Plaintiff, Mr. Burgh, may be subject to a class action waiver in the terms of service on the website, EyeBuyDirect. This issue, which involves a legal question of whether the Terms of Service of EyeBuyDirect are enforceable or apply to a dispute between Plaintiff Burgh and Defendants, hardly warrants a separate track of discovery. Resolving this question would require minimal factual investigation and does not justify the year-long delay on merits-related discovery that Defendants request.

Furthermore, contrary to Defendants' assertion, even if Mr. Burgh cannot serve as a class representative because of a class action waiver, his exclusion would not be dispositive of the viability of class certification. At most, it might narrow the size and scope of the class or require a substitute Plaintiff and, therefore, is not the type of dispositive issue that supports bifurcation. *See Harris v. Shore Funding Sols., Inc.*, 2023 WL 344077, at *4 (E.D.N.Y. Apr. 21, 2023) (bifurcating discovery for a "narrow, potentially dispositive issue" that would "resolve the case"). Indeed, Defendants do not claim *all* Plaintiffs are subject to a purported class action waiver, and the remaining Plaintiffs would each remain viable class representatives even if Defendants prevailed on applying the class action waiver to Mr. Burgh. *See Charvet v. Plymouth Rock Energy, LLC*, 2016 WL 207677, at *3 (E.D.N.Y. Jan. 12, 2016) (denying bifurcation and holding that "even if the named [p]laintiff's claims were defeated, there is no reason to think this case would likely end" because the "[c]omplaint identifies . . . two other individuals" with similar claims who "could replace Plaintiff as a class representative."). That is distinctly different from Defendants' cited case, where the defendant was granted a limited, 90-day period to investigate the plaintiff's seemingly dubious allegations that would end the case if proven false. *Harris*, 2023 WL 3440077 at *2–3.[1] Defendants' argument as to Plaintiff Smith is similarly inapposite: even if her claims are defeated, the Court would retain subject matter jurisdiction over the California Class through Plaintiff Mercado.

Defendants also cite Ms. Smith's allegations to highlight the different products and locations from which class members may have purchased Defendants' eyewear. Defendants' description of the facts again illustrates how intractably discovery on the merits and the class are intertwined here: both are shaped by determining the products for which Defendants levied a tariff-related price increase and the retailers that participated in such pricing. The answer to that question determines which Plaintiffs and class members have a viable claim and, thus, who should be included in any proposed class. As Defendants' cited case recognizes, bifurcation may be appropriate where "the issues regarding Plaintiff's individual claim[s] are distinct from, and do not overlap with, class

---

[1] The bifurcation in *Harris* and *Vandersloot* was targeted at resolving the respective plaintiffs' individual claims prior to class discovery. While Defendants' proposed schedule here would purport to phase class certification first (prior to merits discovery), their position in this letter focuses on the primacy of discovery from individual plaintiffs—not class discovery—before reaching any other issues. There is no basis in this case for general discovery to be held in abeyance while Defendants engage in discovery of the individual plaintiffs.

July 29, 2026
Page 3

issues." *Vandersloot v. Charles Baratta LLC*, No. 24-cv-07096 (JMW), 2025 WL 2605343, at *4 (E.D.N.Y. Sept. 9, 2025). But where merits and class discovery overlap, as they do in this case, courts are reluctant to bifurcate discovery. *See Charvat*, 2016 WL 207677, at *2 (denying bifurcation where "[m]uch of the discovery sought appears relevant to both the class and individual claims[.]"). The web of facts demonstrates that bifurcating discovery is likely to create disputes as to what discovery constitutes "merits" issues and what constitutes "class" discovery, undermining judicial efficiency. *Cunningham*, 2021 WL 4407749, at *3 (denying motion to bifurcate discovery where it would "potentially cause disputes over which records pertain to the class certification issue and which records pertain to merits"); *see also Charvet*, 2016 WL 207677, at *2.

Defendants' alternative approach of partial bifurcation does little to address this issue, and would still require delineation of what constitutes "solely merits-related" discovery. Plaintiffs do not allege that Defendants created or implemented their marketing and pricing policies solely to affect the named Plaintiffs. Virtually all facts to be discovered in this case will implicate class issues, at least in part. For example, while "[a] key question in class certification may be the similarity or dissimilarity between the claims of the representative parties and the class members"—such as product and location of purchase, as Defendants raise in this letter—these are "an inquiry that may require discovery on the merits and development of basic issues." *Melville*, 2023 WL 4054945, at *2 (quoting *Flores v. Stanford*, No. 18-CIV-02468 (VB) (JCM), 2021 WL 4441614, at *5 (S.D.N.Y. Sept. 28, 2021)). The Court should decline to take the disfavored approach of bifurcating discovery here.

**Defendants' position:** "Good cause [for bifurcation of class and merits discovery] may exist where the resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary . . . ." *Harris v. Shore Funding Sols. Inc.*, 2023 WL 3440077, at *2 (E.D.N.Y. Apr. 21, 2023) (citations and internal quotation marks omitted).

Discovery should be bifurcated here because threshold issues on the face of the Consolidated Class Action Complaint ("Complaint") may be dispositive and render merits discovery unnecessary. As set out in Defendants' contemporaneously filed letter seeking permission to file a motion to dismiss, Plaintiff Burgh alleges that he purchased Ray-Ban eyeglasses from eyebuydirect.com, Compl. ¶ 14, which subjects him to the class action waiver in EyeBuyDirect's terms of service and precludes him from serving as a class representative for the New York Subclass—or any class— with respect to that purchase. Discovery will show that many other purchases within Plaintiffs' alleged nationwide class and subclasses are barred by similar class action waivers. Because the scope and enforceability of those waivers present discrete questions distinct from the merits of Plaintiffs' tariff-surcharge theory, it is precisely the type of threshold issue that warrants early, focused discovery. *See Vandersloot v. Charles Baratta LLC*, 2025 WL 2605343, at *4 (E.D.N.Y. Sept. 9, 2025) (granting bifurcation where "the issues regarding Plaintiff's individual claim are distinct from, and do not overlap with, class issues"). Resolution of this issue alone could substantially narrow the scope of this litigation.

Similarly, Plaintiff Smith alleges that she purchased Coach eyeglass frames fitted with Transitions lenses "at a retail store in Riverside, California," Compl. ¶ 17, without identifying the retailer at which the purchase was made. This omission requires threshold discovery into whether Smith can establish a purchase from an EssilorLuxottica-owned retail outlet, as required by the class

July 29, 2026
Page 4

definition, and whether Smith has standing to pursue claims on behalf of the California Subclass—questions that, if resolved against Plaintiffs, would deprive the Court of subject matter jurisdiction over the California Subclass claims entirely. *See Hall-Landers v. New York Univ.*, 2023 WL 8113243, at *5 (S.D.N.Y. Nov. 22, 2023) (granting partial bifurcation where "if class certification is denied, the Court will no longer have subject matter jurisdiction over [named plaintiff's] claims").

More broadly, not only did the named Plaintiffs purchase different products, at different retail outlets, in different states, under different terms and conditions of sale—they purport to represent putative classes of individuals who purchased *any* EssilorLuxottica product through *any* EssilorLuxottica retail or e-commerce outlet, a staggeringly broad class definition that Plaintiffs concede implicates an "enormous" portfolio of brands (most of which were not purchased by any named Plaintiff), over 4,800 physical retail locations, and the largest e-commerce outlets in the United States. Compl. ¶¶ 29-32. Plaintiffs do not attempt to allege that the tariffs impacted pricing across all these brands and points of sale in the same way, nor could they—the EssilorLuxottica public statements cited in the Complaint make clear that any pricing actions related to tariffs were "selective." *See, e.g.*, EssilorLuxottica*, Q2/H1 2025 Results* at 5 (July 28, 2025), https://tinyurl.com/5kfu2nea (cited in Compl. ¶ 49 n.26). These are exactly the types of overbroad and unsupported class allegations that warrant prioritizing class certification discovery before the parties embark on costly and wide-ranging merits discovery. *See Singleton v. Fifth Generation, Inc.*, 2017 WL 5001444, at *2, *22–23 (N.D.N.Y. Sept. 27, 2017) (bifurcating discovery with "class certification discovery first, followed by merits discovery" in consumer deception case, and ultimately denying class certification where proposed class encompassing all purchasers of product was too broad and individualized issues predominated).[2]

In light of the serious concerns set out above, discovery should be fully bifurcated to allow early and efficient determination of class issues. But at a minimum, and in the alternative, Defendants respectfully submit that at least partial bifurcation is warranted here. That is the approach used in *Hall-Landers*, where the court directed the parties to "prioritize" and "focus their efforts on" class certification discovery for an initial period while holding merits-only discovery in abeyance. 2023 WL 8113243, at *5–6. The *Hall-Landers* court did not prohibit all merits-related discovery; rather, it permitted discovery bearing on class certification to proceed even where such discovery also touched on the merits, while deferring only discovery that was solely merits-related. *Id.* at *6. This framework would address the duplication and line-drawing concerns raised by Plaintiffs' counsel while still ensuring that the Court and the parties do not expend resources on purely merits-related

---

[2] Plaintiffs' cited cases do not compel a different result. In *Melville*, for example, the court denied full bifurcation where the defendant failed to demonstrate that class and merits discovery were distinct, but nevertheless referred to the magistrate judge a request to "narrow the scope of pre-certification discovery and 'direct the parties not to conduct a full-blown class-wide merits discovery'" until after class certification briefing. 2023 WL 4054945, at *2; *see also, e.g.*, *Chen-Oster*, 285 F.R.D. at 301 n.2 ("This is not to say that discovery related to class certification should never be phased. Where it is likely that targeted discovery on a particular issue may be dispositive of class certification, it is entirely proper to take that discovery first."). Here, by contrast, the threshold issues identified above are entirely distinct from the merits of Plaintiffs' tariff-surcharge theory and can be resolved without merits discovery.

July 29, 2026
Page 5

discovery that may prove unnecessary if the threshold class certification issues identified above are resolved in Defendants' favor. *See also Kaatz v. Hyland's Inc.*, 2016 WL 3676697, at *6 (S.D.N.Y. July 6, 2016) (finding defendants' "concerns about the costs and resources associated with full-blown discovery are valid" and ordering parties to "draft a discovery and case management plan that prioritizes class certification discovery before merits discovery").

Finally, Defendants have requested a stay of discovery pending decision on their proposed motion to dismiss. Defendants respectfully submit that the Court's decision on the case schedule also may be postponed until after the motion to dismiss is decided. *See De Leon v. New York Univ.*, 2022 WL 179812, at *15-16 (S.D.N.Y. Jan. 20, 2022) (ordering bifurcation of discovery, staying all merits discovery, and setting expedited class certification schedule after granting in part and denying in part motion to dismiss). The parties can meet and confer in an effort to reach agreement on a schedule once the Court has determined what claims, if any, will proceed to discovery.

*    *    *

The Parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Raphael Janove*
 Raphael Janove

**JANOVE PLLC**
Raphael Janove
115 Broadway, 5th Fl.
New York, NY 10006
Telephone: (646) 347-3940
raphael@janove.law

*Counsel for Plaintiffs and the Proposed Classes*

/s/ *Sarah M. Gilbert*
Sarah M. Gilbert

**CROWELL & MORING LLP**
Sarah M. Gilbert
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: (212) 223-4000
SGilbert@crowell.com

*Counsel for Defendants*