

Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
+1.212.223.4000  main
+1.212.223.4134  fax

Sarah M. Gilbert
SGilbert@crowell.com
(212) 895-4226 direct

July 29, 2026

**_Via CM/ECF_**

The Hon. Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **_Burgh v. EssilorLuxottica S.A., et al._**, **Lead Case No. 1:26-cv-01133-RER-PCG
(Consolidated Class Action)**

Dear Magistrate Judge Cross-Goldenberg:

 We represent Defendants EssilorLuxottica S.A., Luxottica of America Inc., Essilor of America, Inc., and EssilorLuxottica USA Inc. (collectively, "Defendants") in the above-referenced matter. Pursuant to Your Honor's Individual Practices and Rules, Rule IV(A), Defendants respectfully request that the Court stay discovery pending resolution of their dispositive motion to dismiss. Defendants are concurrently filing a letter before the Honorable Judge Reyes requesting a pre-motion conference in advance of that motion.

 "Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." _Amron v. 3M Minnesota Mining & Mfg. Co._, No. 23-CV-08959 (PKC)(JMW), 2024 WL 263010, at *2 (E.D.N.Y. Jan. 24, 2024) (citation omitted). Because the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding[,]" Fed. R. Civ. P. 1, courts have found stays of discovery appropriate where "it would not be an efficient use of judicial resources . . . nor would it be an efficient use of the parties' time and resources to conduct additional discovery until their dispositive motions . . . have been resolved." _Feldman v. Comp Trading LLC_, No. 19-CV-4452 (RPK), 2020 WL 13158354, at *1 (E.D.N.Y. Sept. 22, 2020) (citing Fed. R. Civ. P. 1). In evaluating whether to stay discovery pending resolution of a motion to dismiss, courts consider:

> (1) whether the Defendants ha[ve] made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. . . . Courts also may take into consideration the nature and complexity of the action, whether some or all of the Defendants have joined in the request for a stay, and the posture or stage of the litigation.

_Amron_, 2024 WL 263010, at *2 (citations omitted).



All factors weigh in favor of a stay of discovery here.

**First**, Defendants' motion to dismiss presents compelling threshold arguments that warrant resolution before discovery commences. In addition to moving to strike Plaintiffs' class allegations and to dismiss for failure to state any claim, Defendants raise jurisdictional arguments under Rule 12(b)(1) and (b)(2): that Plaintiffs lack Article III standing for failure to allege a cognizable injury-in-fact, and that this Court lacks personal jurisdiction over two of the four named Defendants. A ruling in Defendants' favor on either ground would result in dismissal of the entire action or significant narrowing of the parties. In *Renois v. WVMF Funding, LLC*, the court found that the defendants' arguments in their Rule 12(b)(1) dismissal motion were "colorable" and raised "threshold challenges to the Court's subject-matter jurisdiction and Plaintiff's standing to bring suit" that could "result in the dismissal of the entire action." No. 20-CV-09281 (LTS) (DF), 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021). The court concluded that both of those factors weighed in favor of a stay of discovery pending the outcome of the jurisdictional motion. *Id.* The same is true here. *See also Cuhadar v. Savoya LLC*, No. 24-CV-3615 (JAM), 2024 WL 4142151, at *5 (E.D.N.Y. Sept. 11, 2024) (arguments that "appear, at least on their face, to challenge whether this Court has jurisdiction over Plaintiff's claims . . . favor a stay of discovery").[1]

**Second**, allowing discovery to proceed pending Defendants' dispositive motion to dismiss would create unnecessary burdens here. This action involves four Defendants, including EssilorLuxottica S.A., a French corporation with its registered office in Paris, France, and the discovery demands attendant to a putative class action against multiple domestic and international entities would be substantial. In *Amron*, the court found that "the breadth of discovery here, as presented by Defendant, favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided." 2024 WL 263010, at *3. The same considerations apply with equal force here, where Plaintiffs' claims could be resolved in their entirety on Defendants' motion. *See Cuhadar*, 2024 WL 4142151, at *5 ("Plaintiffs' [discovery] request may be mooted entirely should Defendant's motion to dismiss be granted and this action dismissed. Permitting class and collective-based discovery would thus serve to create an unnecessary burden should Defendant's motion to dismiss be resolved in its favor.").

**Third**, Plaintiffs would suffer no prejudice from a brief stay. Defendants served their initial disclosures today pursuant to Rule 26(a)(1), demonstrating their willingness to comply with their discovery obligations and ensuring that Plaintiffs are not without information during the pendency of the motion. Delay alone, including the "usual litigation risks that affect all [ ] parties equally, regardless of the amount of time permitted for discovery[,]" such as "written materials becoming unavailable or memories fading when depositions are ultimately taken[,]" fail to establish prejudice. *Short v. City of Rochester*, 747 F. Supp. 3d 594, 602 (W.D.N.Y. 2024)

---

[1] Even if the Court does not dismiss this action in its entirety, or grants Defendants' motion to strike the class allegations, that would still considerably narrow the scope of this case and therefore supports a motion to stay. *See Thomas v. Amazon.com Servs., LLC*, No. 23-CV-1271, 2024 WL 3706844, at *4 (E.D.N.Y. Apr. 15, 2024) ("even if Defendants' motions are not fully dispositive . . . rulings on Defendants' motions will narrow and clarify the scope of the issues in this litigation") (internal quotation marks and citations omitted).

crowell.com



(citation omitted). There is thus no urgency warranting discovery before the Court resolves the threshold jurisdictional and merits challenges raised in Defendants' motion, particularly where, as here, there is no concern about Defendants' preservation of relevant evidence. Plaintiffs cannot "provide a compelling argument regarding specific harm from waiting for the adjudication of Defendants' motion[.]" *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024); *cf. Short*, 747 F. Supp. 3d at 602 (considering "unique risk" in case where defendant failed to "preserve relevant documents . . . in possession of key third-party witnesses over which [it] has [or had] control[,]" but nevertheless granting stay of discovery). The *Renois* court reached the same conclusion: "there is no indication in the record that [plaintiff] would suffer any specific harm if discovery were temporarily delayed pending the Court's resolution of the Rule 12(b)(1) motion," and that "the delay caused by such a temporary stay would [not] unfairly prejudice Plaintiff." *Renois*, 2021 WL 1721818, at *2 (internal citations omitted). So too here.

*Finally*, the early stage of this case supports a stay of discovery. Aside from initial disclosures, discovery has not yet commenced. As reflected in Defendants' proposed discovery schedule, which contemplates discovery deadlines keyed to the Court's resolution of the motion to dismiss, any stay would not be indefinite and discovery would commence promptly upon an adverse ruling. *See Amron*, 2024 WL 263010, at *3 (finding stay appropriate where "this case is still in its early stages – a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken") (emphasis removed).

Accordingly, Defendants respectfully request that the Court stay all discovery pending a ruling on their motion to dismiss.

Respectfully Submitted,

*/s/ Sarah M. Gilbert*
Sarah M. Gilbert

*Counsel for Defendants*

c.c.: Counsel of Record (via ECF)

crowell.com