JANOVE PLLC

Raphael Janove
Shareholder
raphael@janove.law

www.janove.law
T 646-347-3940

115 Broadway, 5th Fl.
New York, NY 10006

1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

979 Osos St., Ste. A5
San Luis Obispo, CA 93401

August 5, 2026

**<u>VIA CM/ECF</u>**

The Hon. Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Burgh v. EssilorLuxottica S.A., et al.*, Lead Case No. 1:26-cv-01133-RER-PCG

Dear Magistrate Judge Cross-Goldenberg:

We represent Plaintiffs Louis Burgh, Christopher Figler, Amando Mercado, and Xochilt Smith (collectively, "Plaintiffs") in the above-referenced matter and write in response to Defendants' July 29, 2026, letter. Pursuant to Your Honor's Individual Practices and Rules, Rule IV(A), Plaintiffs submit this letter respectfully requesting that the Court deny Defendants' motion to stay discovery.

"Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Allah v. Latona*, 522 F. Supp. 3d 1, 2 (W.D.N.Y. 2021) (internal quotes omitted); *see also Khan v. New York City*, 757 F. Supp. 3d 327, 334 (E.D.N.Y. 2024) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.") (quoting *Thomas v. Amazon.com Servs., LLC*, 2024 WL 3706844, at *3 (E.D.N.Y. Apr. 15, 2024)). Rather, Fed. R. Civ. P. 26(c)(1) allows a court, *for good cause*, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Merely filing "a motion to dismiss the complaint does not constitute 'good cause'" under this analysis. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006); *see Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) (reasoning that if the drafters of the Rules "contemplated an automatic stay upon the filing of a motion to dismiss, [they] would have so provided"). Instead, "[t]o establish good cause under Rule 26(c), courts require a ***particular*** and ***specific*** demonstration of fact, as distinguished from stereotyped and conclusory statements." *Brawer v. Egan-Jones Ratings Co.,* 348 F.R.D. 182, 185 (S.D.N.Y. 2025) (internal quotes omitted) (emphasis added).

Courts routinely allow discovery to proceed when doing so would promote efficiency. *See, e.g.*, *In re Vitamin C Antitrust Litig.*, 237 F.R.D. 35, 37 (E.D.N.Y. 2006) ("if discovery will prove to be difficult …, that strikes me as all the more reason to make an early start"); Fed. R. Civ. P. 1 (requiring Rules to be construed to "secure the just, speedy, and inexpensive determination of every action"). To obtain a stay at this stage, Defendants must show they meet the *Amron* factors establishing good cause to stay discovery, which they have failed to do. Those factors include:

> (1) whether the Defendants ha[ve] made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. . . . Courts also

> may take into consideration the nature and complexity of the action, whether some or all of the Defendants have joined in the request for a stay, and the posture or stage of the litigation.

*Amron v. 3M Minn. Mining & Mfg. Co.*, 2024 WL 263010, at *2 (E.D.N.Y. Jan. 24, 2024). Evaluating these factors shows a stay is not warranted.

***First***, Defendants' assertion that their jurisdictional arguments essentially warrant an automatic stay understates the standard. "[T]his factor is not, and should not, be a way to obtain an initial ruling on the viability of Plaintiff's case." *Nielsen Co. (US) v. TVSquared LTD*, No. 23-CV-1581 (VSB), 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023). Courts require more than the existence of arguments; they require a "strong showing that the opposing party's claim is unmeritorious" before a stay is warranted. *Ema Financial, LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (citation modified). However, "a court is less likely to find that a plaintiff's case is unmeritorious when both the defendant and plaintiff can make 'strong arguments' in support of their positions." *Nielsen*, 2023 WL 4363005, at *1.

Here, Defendants' personal jurisdiction challenge over two of the four Defendants does not threaten dismissal of the entire action, as the remaining two domestic Defendants are plainly subject to this Court's jurisdiction. A partial dismissal of two defendants would not eliminate the action or render discovery unnecessary; it would merely narrow the parties. *See Khan*, 757 F. Supp. 3d at 335 (denying motion to stay of discovery because "even if Defendants' motion is granted in full, discovery will still be required"). Defendants' cases are inapposite because, unlike here, a lack of jurisdiction would have required dismissal of the actions in full. *See Cuhadar v. Savoya LLC*, 2024 WL 4142151, at *3 (E.D.N.Y. Sept. 11, 2024) (staying discovery where forum selection clause governing parties' relationship barred plaintiffs' claims entirely); *Renois v. WVMF Funding, LLC*, No. 20CV09281 (LTS) (DF), 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021) (staying discovery only until resolution of case-dispositive jurisdictional motion, but denying stay as to motions to dismiss and transfer venue). And even if the case is ultimately narrowed in some fashion by Defendants' motions, "discovery will largely be the same regardless." *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (considering whether the "nature of discovery will be fundamentally different" (citation modified)).

Defendants do not make the requisite strong showing as to their failure-to-state-a-claim or class-allegation arguments, either. Here, Plaintiffs' allegations are well-founded, sufficient to confer standing, and involve fact-specific claims as well as novel legal issues. Indeed, Defendants do not dispute their entitlement to a refund of the tariffs from the government or that the refund is in process. Consequently, the legal question—concerning whether the refund should be retained by Defendants or returned to the consumers to whom Defendants passed on the tariff costs—is ripe. As such, Defendants' assertions are insufficient to overcome Plaintiffs' strong arguments and warrant a stay, and their Article III challenges will fail.

***Second***, allowing discovery to proceed pending Defendants' dispositive motion to dismiss would *not* create unnecessary burdens here, and, in any case, Defendants have failed to demonstrate

specifically why discovery in this case would unduly burden them. *See Khan*, 757 F. Supp. 3d at 336 ("As the party seeking the stay, Defendants bear the burden of showing specifically how responding to discovery would be prejudicial." (internal citations omitted)). To make such a showing, Defendants must provide a particular and specific demonstration of fact regarding the purported burden that denying their requested stay would cause. *Brawer*, 348 F.R.D. at 185–56 (requiring defendants to present "specific facts" to support an assertion of burden).

The discovery in this case, at least at the outset, appears limited in time and scope. Discovery will primarily focus on the short period the tariffs were in effect and will be primarily directed at obtaining information on Defendants' pricing strategy in response to the tariffs. Defendants have not shown why such narrow discovery is objectionable. *See id.* (rejecting a motion to stay discovery in part because movant's general observation that "she will have to spend time and incur legal fees in order to review and evaluate the requests" was insufficient to show burden). Moreover, as discussed further above, this case involves factual disputes and novel issues of law, neither of which is likely to be resolved at this stage of the litigation.

***Third***, Defendants suggest that "Plaintiffs would suffer no prejudice from a brief stay." However, neither brevity nor lack of prejudice is certain here. Further, a "lack of prejudice alone does not merit a stay." *Bennett v. Cuomo*, 2023 WL 2021560, at *4 (S.D.N.Y. Feb. 15, 2023); *see also Brawer*, 348 F.R.D. at 186 (holding that where the other factors weigh against a stay, "a stay would not be warranted even if there were no prejudice to Plaintiffs"). Plaintiffs and the putative class members whose claims are at stake have an interest in timely resolution of this action, and an indefinite stay pending a motion to dismiss places the entire burden of delay on Plaintiffs and the class. Plaintiffs are being denied the opportunity to develop their case, identify class members, and preserve evidence. *See Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 535 (S.D.N.Y. 2022) ("As more time passes, the higher the risk that witnesses will become unavailable and memories will fade."); *Kirschner v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) (finding the "risk of witnesses' memories further fading with time" contributes to prejudice).

***Finally***, granting a discovery stay at the very outset of a case where the Parties are actively litigating would effectively reward Defendants for merely filing a motion to dismiss. Plaintiffs have had no opportunity to develop their case or obtain any information beyond what Defendants have chosen to include in their initial disclosures. Defendants' representation that the stay would not be indefinite is misleading: the duration of the stay is entirely dependent on the Court's docket and the pace of briefing on Defendants' motion to dismiss, neither of which is within Plaintiffs' control. Courts have recognized that open-ended stays tied to the resolution of dispositive motions can extend for many months, during which time Plaintiffs are left without the ability to conduct any discovery. *See Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 359 (E.D.N.Y. 1991) ("[M]erely because these defendants filed an early dispositive motion does not in and of itself give rise to justification to warrant a stay.").

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' motion to stay discovery.

Respectfully submitted,

**JANOVE PLLC**
By: *<u>/s/ Raphael Janove</u>*
Raphael Janove
115 Broadway, 5th Fl.
New York, NY 10006
646-347-3940
raphael@janove.law

*One of the Attorneys for Plaintiffs and the Proposed Classes*